### BOB BALL v. CITY OF TULSA.

No. A-3973.    Opinion Filed June 23, 1923.
(215 Pac. 961.)

(Syllabus.)

1.    Jury—Denial of Jury Trial Erroneous—Unlawful Possession of Liquors.    The defendant under the circumstances here, was entitled to a trial by a jury, and the refusal to afford him that right was error.

2.    Indictment and Information—Requiring Prosecution in Court Having Jurisdiction Over Two Classes of Offenses to Elect. Where an information in a municipal court states a criminal offense against the state, and imperfectly states another offense against the municipality, the court having jurisdiction over both classes of offenses, a motion to require the prosecutor to elect should be sustained.

Appeal from Municipal Criminal Court of Tulsa; L. J. Bicking, Judge.

Bob Ball was convicted of the illegal possession of intoxicating liquor, and appeals. Reversed.

F. F. Nelson and J. W. Simpson, for plaintiff in error.

BESSEY, J.   Bob Ball was, by information filed by the city of Tulsa in the municipal criminal court of that city, charged with the unlawful possession of intoxicating liquor. By the judgment of the court, without a jury, he was found guilty, and his punishment fixed at a fine of $19 and $1 costs. From this judgment he appeals to this court.

The charging part of the information is as follows:

"On or about the 14th day of February, 1921, within the corporate limits of the city of Tulsa, Tulsa county, Oklahoma, Bob Ball, the above-named defendant, did then and there unlawfully and wrongfully willfully violate the prohibitory law of the state of Oklahoma, city of Tulsa, Tulsa county, Oklahoma, by having in his possession intoxicating liquor, to wit, 18 2-oz. bottles of Jamaica ginger, for beverage purposes, with the intent then and there upon the part of the said defendant to barter, sell, give away, and otherwise furnish said liquor, in violation of the prohibitory law of the state of Oklahoma, contrary to the form of the statutes in such cases made and provided, and contrary to the provisions of the ordinances of the city of Tulsa, and against the peace and dignity of the state of Oklahoma and the said city of Tulsa."

A demurrer to this information was filed, predicated upon several grounds, among which are:

"Said information fails to state facts sufficient to constitute any crime under Ordinance No. 895, which is the ordinance under which the defendant is being prosecuted.

"Said information fails to state facts sufficient to constitute a violation under either the laws of the state of Oklahoma or the ordinances of the city of Tulsa.

"Said information is so vague, indefinite, and uncertain that it fails to properly inform this defendant what crime, if any, he is charged with having committed."

The demurrer was by the court overruled, to which the defendant excepted.

The style of this case, as shown by the information, judgment, and other papers on file, was "The City of Tulsa, Plaintiff, v. Bob Ball, Defendant." Following the overruling of the demurrer, and before entering his plea, the defendant demanded a jury, which was denied by the court, to which the defendant excepted. Before entering his plea the defendant then made the following motion:

"Comes now the defendant and moves the court to require the city to elect whether they are prosecuting this defendant under the laws of the state of Oklahoma or under the city ordinances of the city of Tulsa."

This motion to require an election was likewise overruled, and an exception saved.

The information states an offense against the laws of the state, of which the court had jurisdiction by virtue of the provisions of chapter 199, Session Laws 1919. An attempt seems to have been made to also charge an offense against some city ordinance, but the attempt so made falls short of stating a complete offense against the city, and the proceedings pursuant to this information were indefinite and confusing, in that it could not be positively ascertained whether the defendant was being prosecuted for a violation of a state law or merely for the violation of a city ordinance. There was a good statement of the offense, constituting a violation of a statute, while no complete offense was charged for violating a city ordinance. The defendant, under this state of the pleadings and record, was entitled to a trial by jury, and a refusal to provide a jury was error. However, the record as a whole discloses that the defendant was tried and convicted for violating a city ordinance. Under the circumstances it was error to overrule the motion to require the city to elect as to whether the defendant was being prosecuted under the provisions of a city ordinance or for violating a state law.

For the reason stated, the judgment of the trial court is reversed.

MATSON, P. J., and DOYLE, J., concur.